UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Leonard Loh,

    Plaintiff

v.

Lanston Loh, et al.,

    Defendants

Case No. 2:25-cv-02441-CDS-MDC

**Order Denying Plaintiff's Ex Parte Motion for Temporary Restraining Order**

[ECF No. 5]

  Pending before the court in this fraud action is the plaintiff's motion for an ex parte temporary restraining order (TRO) and motion for an order to show cause against the defendants. ECF Nos. 2, 5. The plaintiff seeks a TRO without notice to "freeze and preserve" his cryptocurrency assets, which he alleges the defendants unlawfully converted. *Id.* Though his motions address the factors set forth in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008), I find that they nonetheless fail to meet the Rule 65(b) standard governing ex parte TROs. *See* Fed. R. Civ. P. 65(b). Ex parte applications are solely for extraordinary relief and are rarely granted. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). The Ninth Circuit has stressed that "courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). To justify the issuance of a temporary restraining order without notice, a plaintiff ordinarily "must do more than assert that the adverse party would dispose of evidence if given notice" and "must show that defendants would have disregarded a direct court order . . . within the time it would take for a hearing . . . [and] must support such assertions by showing that the adverse party has a history of disposing of evidence or violating court orders . . . ." *Id.* (quotation omitted). The court recognizes the potential risk to the plaintiff if the cryptocurrency is moved or dissipated, but that risk exists with or without a TRO. This is akin to asserting that there is a risk evidence will

be disposed so ex parte relief should be granted. Plaintiff's failure to meet his burden of showing that ex parte relief is warranted is bolstered by his apparent failure to serve the defendants with notice of the motion or to sufficiently argue that such service was impossible. The "risk" of the cryptocurrency's "further movement" does not make notice impossible. Moreover, it's unclear how or why the plaintiff is unable to find and serve members of his own family, especially when as recently as October of this year, defendant Peggy Loh was staying with the plaintiff to help care for his newborn son. *See* ECF No. 2 at 5. As such, I deny the plaintiff's ex parte motion for TRO and related relief **[ECF No. 5]**. I further deny the request for ex parte relief in **[ECF No. 2]** but do not deny the motion at this time. Plaintiff is instructed to either serve the defendants by December 24, 2025, or file a status report by 12:00 p.m. that same date, detailing why service of process cannot be or has not been successful. The court will thereafter consider the motion on the merits.

Dated: December 11, 2025

_____
Cristina D. Silva
United States District Judge