# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Leonard Loh,

               Plaintiff(s),

vs.

Lanston Loh, et al.,

               Defendant(s).

2:25-cv-02441-CDS-MDC

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SERVE BY PUBLICATION (ECF No. 13)**

Plaintiff filed a *Motion to Serve by Publication.* ("Motion"). *ECF No. 13*. The Court **DENIES** the Motion. The Court denies the request to serve by publication at this time because service by publication is a last resort, and plaintiff only recently filed this case.

## I.     LEGAL STANDARD

The Federal Rules of Civil Procedure provide for service within the United States pursuant to the law of the state in which the district court is located, or in which service is made. See, e.g., FRCP 4(e)(1). Rule 4 states that "the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.]

There are several factors courts consider in evaluating a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. See *Price v. Dunn*, 106 Nev. 100, 102-104, 787 P.2d 785, 786-787 (Nev. 1990).  Other courts have recognized that considering "due process concerns, service by publication must be allowed 'only as a last resort.'" *Hernandez v. Russell*, No. 320CV00114MMDCSD, 2022 WL 347552, at *2 (D. Nev. Feb. 4, 2022), citing to *Price v. Thomas*, No. 21-cv-06370-DMR, 2021 WL 5564795, at *1 (N.D. Cal. Nov. 29, 2021) (emphasis added; citation and quotation marks omitted). This is because "it is generally recognized that service by publication rarely results in actual notice." *Id*. (citation and quotation marks omitted).

1

## II.    ANALYSIS

Plaintiff argues in its Motion that they have been unable to serve defendant Peggy Chia Loh. *ECF No. 24*. Plaintiff argues that he has attempted to serve her at her only known address multiple times, but he has been unsuccessful. Plaintiff asks the Court to be allowed to serve her by publication. Plaintiff submits a declaration from a process server that states that he attempted to serve Ms. Loh at her last known address in Nevada a few times, but no one answered the door. *ECF No. 13-3*. Plaintiff also attached a declaration from a private investigator which states that per his research into voter's and vehicle records, he believes he has the correct address for Ms. Loh.

Plaintiff's asserted efforts, however, require more detail and development. While the Court is aware of plaintiff's allegations regarding alleged theft of cryptocurrency, this case is only a few weeks old. Due process requires notice that is reasonably calculated to apprise the defendant of the lawsuit. Plaintiff has only attempted service a few times at a single location. The Court finds that plaintiff has not shown sufficient diligence in attempting to serve the defendant to support that service by publication, the last resort, is appropriate at this stage in the litigation.  Counsel has not investigated other likely sources of information to locate and serve the defendant prior to seeking the last resort of service by publication.

ACCORDINGLY,

**IT IS ORDERED that** plaintiff's *Motion to Serve by Publication* (ECF No. 13) is **DENIED** without prejudice.

DATED: January 20, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

2