UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Leonard Loh, | Case No. 2:25-cv-02441-CDS-MDC |
| Plaintiff | **Order Granting Plaintiff's Motion for Preliminary Injunction and Denying as Moot Plaintiff's Motion for a Temporary Restraining** |
| v. | |
| Lanston Loh, et al., | |
| Defendants | [ECF Nos. 2, 11] |

This matter appeared before the court on plaintiff Leonard Loh's motion for preliminary injunction (ECF. No. 11) on February 18, 2026, at 10:11 a.m. before United States District Judge Cristina D. Silva. Although originally scheduled for 10:00 a.m., the court provided additional time for the defendants, Lanston Loh and Peggy Chia Loh, or their counsel to appear. Such appearance did not occur. Counsel for the plaintiff, Elliot S. Blut, Esq., and Brittany Phouminh, Esq., of Blut Law Group PC appeared and presented oral argument on the record.[1]

The court finds that all factors required to grant a preliminary injunction have been established. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).

---

[1] The transcript of the February 18, 2026 hearing is incorporated herein.

Specifically, the plaintiff has established all of the elements necessary under *Winter*. First, the plaintiff is likely to succeed on his claims for conversion,[2] consumer fraud and abuse act (under subsection g), replevin, and civil conspiracy. The plaintiff is not likely to succeed on an unjust enrichment claim because one of its elements (benefit conferred) could not be proven. Even so, the court nonetheless found that the other causes of action would succeed. Thus, the first *Winter* factor is satisfied.

Second, the court found that irreparable harm to the plaintiff is present because the amount taken is significant, the property belongs to the plaintiff, and there is no adequate legal remedy to make the plaintiff whole despite that he may recover monetary damages in the future; thus, a preliminary injunction is required to prevent further irreparable harm.

Third, the court found that the balance of equities tipped in the plaintiff's favor due to the amount stolen from the plaintiff and the nature of the matter. No harm would occur to the defendants, as they would simply lose their ability to transfer misappropriated funds.

Fourth, the last factor required for a preliminary injunction was also met, as the preliminary injunction serves the public interest. While the court considered that the matter concerned private parties and intrafamily disputes, it ultimately found that the public benefits when the law is upheld against violations of law set forth in the complaint.

IT IS HEREBY ORDERED that plaintiff Leonard Loh's motion for preliminary injunction against defendants Lanston Loh and Peggy Chia Loh is granted in its entirety, such that the plaintiff's property in the defendants' cryptocurrency wallets must be frozen, and the defendants are prohibited by court order from further accessing, using, transferring, concealing, selling, dissipating, or exercising any other actions with respect to the cryptocurrency or stable coins

---

[2] Cryptocurrency is considered property under Nevada conversion statutes. *Blige v. Terry*, 540 P.3d 421, 431 (Nev. 2023).

taken from the plaintiff and converted to Bitcoin and held in Bitcoin wallet. The defendants' cryptocurrency wallets as of the date of this order must include the following:

bc1qj42rh8gfmveqp6kpfw6a7c3q9am07rdhm8wz8k

bc1qcgkkdyp48mtk9q03vwtwugjk43cc33evngzmrk

bc1qqlr8tvxfqjs0qgpyqku06ld8lx9vyfcfcpv7a4

bc1qt9thqel53zelpzaxeg45ngpsru668xx97aatap

bc1q2r4t6yspfl33kyh0ad290r8p5g292gstjuvcn8

bc1q9myceqe5ugjy37w2f08mlm9u9s9h8m4mpq5ns9

IT IS FURTHER ORDERED that the plaintiff's cryptocurrency assets must be frozen in their entirety, and this order applies to any of the defendants' cryptocurrency wallets and wallets in which the plaintiff's cryptocurrency can be traced to under and relating to this matter herein.

IT IS FURTHER ORDERED that because the plaintiff's motion for a preliminary injunction **[ECF No. 11] is granted**, the motion for a temporary restraining order **[ECF No. 2] is denied as moot**.

Dated: February 23, 2026

_____
Cristina D. Silva
United States District Judge